IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 08-cv-02446-WDM-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES F. HOLMES

    Defendant.

_____

**ORDER**
_____

    This case comes before me on Defendant James F. Holmes's Combined Motion to Dismiss First and Second Claims for Lack of Subject Matter Jurisdiction and for Judgment on the Pleadings Dismissing the Amended Complaint for Failure to State a Claim for which any Relief Can Be Granted ("Motion to Dismiss"). Docket No. 29.

    Holmes's argument is a reformulation of his first motion to dismiss (Docket No. 7), which I denied. (Docket No. 20). He reasserts that the claim extinguishment provision of the Colorado Uniform Fraudulent Transfer Act ("CUFTA") bars the United States' claims against him in seeking to collect taxes because the claims were filed more than four years after the United States became aware of his allegedly fraudulent transfers. His reiteration of the argument is no more persuasive than the first iteration. For the same reasons stated in the previous motion to dismiss, I deny the motion.

    The United States, in its sovereign capacity, is seeking to establish that Holmes is liable to the United States for the federal corporate income tax liabilities assessed

against Colorado Gas Compression, Inc., pursuant to federal law.  The *Summerlin* rule, that "the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights," applies here.  *United States v. Summerlin*, 310 U.S. 414, 416 (1940).  The same reasoning applies to the extinguishment provision contained in a state's Uniform Fraudulent Transfer Act.  *See Bresson* v. *Comm'r*, 213 F.3d 1173 , 1178–79 (9th Cir. 2000).  Claim extinguishment provisions operate just as a statute of limitations does—to cause "a valid, fully accrued right of action to lose its vitality through the passage of time." *Id.* at 1178.  Accordingly, the rule of *Summerlin* also applies here.  Consequently, the United States is not barred by the four-year, Colorado statute of limitations pursuant to CUFTA.

      Accordingly, it is ordered:

      Defendant James F. Holmes's Motion to Dismiss (Docket No. 29) is denied.

DATED at Denver, Colorado, this 12th day of July, 2010.

                                          BY THE COURT:

                                          Walker D. Miller
                                          United States District Judge