IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 08-cv-02446-WDM-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES F. HOLMES

    Defendant.
_____

## ORDER
_____

Miller, J.

This case comes before me on Defendant James F. Holmes's Motion for Certification (ECF No. 43), requesting that I amend my order of July 12, 2010 denying Holmes's Combined Motion to Dismiss First and Second Claims for Lack of Subject Matter Jurisdiction and for Judgment on the Pleadings Dismissing the Amended Complaint for Failure to State a Claim for which any Relief Can Be Granted (ECF No. 29) to include a certificate of appealability under 28 U.S.C. § 1292(b). I have reviewed the parties' motion and briefs. Oral argument would not assist me in making my ruling. For the reasons set forth below, I shall deny the Motion for Certification.

## BACKGROUND

This case is a civil action filed by the United States ("the Government") to determine whether James F. Holmes ("Holmes") is personally liable to the United States for tax liabilities assessed against his wholly owned entity, Colorado Gas Compression,

Inc. ("CGCI").

The Government claims that from 1994 through 1996, CGCI incurred corporate income tax liabilities and that Holmes began converting CGCI assets into cash and distributing the cash to himself, leading to the complete liquidation of CGCI.  According to the Complaint (ECF No. 1), in September 2001 and again in July 2005, the United States Tax Court entered a decision establishing tax liabilities against CGCI for the tax years 1994, 1995, and 1996 for gain realized from the disposition of corporate assets.  Based on these decisions, a delegate of the Secretary of the Treasury made assessments against CGCI.  Notices of the assessments were timely sent to CGCI.  CGCI, however, failed to pay the federal liability and there remains an outstanding total of $2,655,276.34, plus accrued but not yet assessed interest and other statutory additions.

Meanwhile beginning in 1995, while CGCI was in the process of ceasing operations, CGCI sold major assets and made cash and/or cash equivalent distributions to Holmes totaling at least $3,671,610.  The Government alleges that the distributions were made with the knowledge that federal tax liability existed.  It also alleges that the distributions left CGCI defunct and insolvent.  Therefore, the Government seeks to establish Holmes's liability for the outstanding federal taxes.

The Government brings four claims for relief, all based on Colorado law.  The first two allege that the transfers made from CGCI to Holmes were fraudulent in violation of Colo. Rev. Stat. § 38-8-105 and § 38-8-106, which are part of the Colorado Uniform Fraudulent Transfer Act ("CUFTA").  The third claim alleges that Holmes is liable to the United States, a creditor of CGCI, as a shareholder who received distributions from a

2

liquidating corporation pursuant to Colo. Rev. Stat. § 7-114-108.  Finally, claim four alleges that Holmes is liable for the tax assessments because he approved and accepted unlawful distributions from CGCI with the knowledge that they were unlawful, in violation of Colo. Rev. Stat. § 7-108-403 (liability of directors for unlawful distributions).

Holmes has filed two Motions to Dismiss (ECF No. 7 and ECF No. 29).  In his first Motion to Dismiss (ECF No. 7), Holmes claimed that the case should be dismissed for failure to state a claim on which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6)), because the Colorado statute of limitations had run prior to the Government's filing its complaint against him.  *See id.*  I denied the Motion to Dismiss (ECF No. 7) concluding that the United States' claims were not precluded by the running of any of Colorado's statutes of limitations pursuant to *United States v. Summerlin*, 310 U.S. 414 (1940).  Order, ECF No. 20.  Holmes filed the second motion to dismiss, styled "Combined Motion to Dismiss First and Second Claims for Lack of Subject Matter Jurisdiction and for Judgment on the Pleadings Dismissing the Amended Complaint for Failure to State a Claim for which any Relief can be Granted" ("Combined Motion") (ECF No. 29), which was a reformulation of the first motion to dismiss (ECF No. 7).  I denied the Combined Motion for the same reasons for which I denied the first, pursuant to *Summerlin*.  *See* Order at 2 (citing *Summerlin*, 210 U.S. at 416), ECF No. 39

Holmes seeks certification to allow him to file an interlocutory appeal of my Order on the Combined Motion.

## STANDARD OF REVIEW

"A party seeking review of a nonfinal order must first obtain the consent of the

trial judge. This screening procedure serves the dual purpose of ensuring that such review will be confined to appropriate cases and avoiding time-consuming jurisdictional determinations in the court of appeals." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). Pursuant to 28 U.S.C. § 1292(b), the requirements for certification are: "(1) that there be a controlling question of law, (2) that there be substantial grounds of difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* Even where all three of these criteria are present, certification remains entirely within the court's discretion. *See Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976).

## DISCUSSION

"Only 'exceptional circumstances justify departure from the basic policy of postponing appellate review until after the entry of final judgment'" to determine whether certification is appropriate. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). I address each of the three *Livesay* elements in turn.

### A. Controlling Question of Law

The Government does not contest that the issue of whether a state's statute of limitations bars its claims is a controlling question of law. Resp. at 4, ECF No. 50. Accordingly, I deem the first factor to be confessed and proceed to the second and third factors of the certification requirements.

### B. Substantial Grounds of Difference of Opinion

The requirement that there are substantial grounds of difference of opinion may be met when: "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the . . . Circuit." *Morris v. Flaig*, 511 F.

4

Supp. 2d 282, 317 (E.D.N.Y. 2007)). "'A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion.'" *Id.* (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 2005 WL 3440701, at *2 (S.D.N.Y. Dec. 14, 2005)).

Holmes has expressed his doubt as to the correctness of my ruling on three separate occasions. *See* Mot. to Dismiss (ECF No. 7), Combined Mot. (ECF No. 29), and Mot. for Certification (ECF No. 43). His repeated disagreement does not make for substantial grounds for a difference of opinion that my rulings were correct. Were there a split among the jurisdictions that the Government is not subject to the states' statutes of limitation, there could be substantial grounds for a difference of opinion. *See State Farm Mut. Ins. Co. v. Boellstorff*, 540 F.3d 1223 (10th Cir. 2008) (four circuit courts evenly split over whether class action tolling doctrine preserved stale claim prior to class certification). Here, however, there is no such division among the circuits.

The cases Holmes cites to support his claim that there is conflicting authority do not provide the necessary conflict on the issue. First, he cites to Justice O'Connor's *dicta* in *United States v. Calif.*, 507 U.S. 746, 758 (1993)[1] to cause me to certify interlocutory appeal:

> Whether in general a state-law action brought by the United States is subject to a federal or state statute of limitations is a difficult question. We need not
>
> resolve it today, however, because *Guaranty Trust Co. v. United States,* 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224 (1938), provides guidance in this case.

---

[1] I analyzed *United States v. Calif.*'s distinguishment of *Summerlin* previously in my Order (ECF No. 20 at 6–7) denying Holmes Motion to Dismiss (ECF No. 7). Holmes's current argument does not present anything new.

*Id.* Holmes asserts that Justice O'Connor's statement is a reservation of the issue and is an invitation to interlocutory review of my Order that I must accept. I disagree.

In *United States v. Calif.*, Justice O'Connor expressly takes guidance from *Guaranty Trust Co.* in which the United States Supreme Court recognized that the rule that the sovereign is exempt from the consequences of its laches and from the operation of statutes of limitations is justified on the grounds of the long-held

> policy of preserving the public rights, revenues, and property from injury and loss, by the negligence of public officers. . . .  So complete has been its acceptance that the implied immunity of the domestic 'sovereign,' state or national, has been universally deemed to be an exception to local statutes of limitations where the government, state or national, is not expressly included. . . .

*Id.* at 132–33, 788–89 (considering and rejecting that rule should be extended to a foreign sovereign suing in state or federal court). I, too, take guidance from *Guaranty Trust Co.*, and conclude that state statutes of limitations do not bind the Government where, as here, the right is obtained by federal statute under *Guaranty Trust Co.*, *United States v. Summerlin*, 310 U.S. 414 (1940), and their progeny.

Holmes next argues that *King v. United States*, 301 F.3d 1270, 1277 (10th Cir. 2002) provides an issue of substantial ground for a difference of opinion. He states that the Supremacy Clause bars the application of a state-created extinguishment provision only when the United States' reliance on its sovereign authority is predicated on an enforceable federal law. Mot. at 6, Part B, ECF No. 43; *King*, 301 F.3d at 1277 (holding district court erred in granting motion to dismiss on basis of Colorado CGIA statute of limitations where federal six-year contract statute of limitations (28 U.S.C. § 2415(a) applies).

6

Here, the Government relies on its right to collect money from the operation of enforceable federal law—the Internal Revenue Code. It is clear that an effort to collect taxes is part of the United States' sovereign capacity, too. *Bresson v. CIR*, 213 F.3d 1173, 1178 (9th Cir. 2000); *see also*, *Matter of Fein*, 22 F.3d 631 (5th Cir. 1994) (Equitable doctrine of laches could not be asserted by Chapter 11 debtor against Internal Revenue Service ("IRS") to prevent IRS from asserting its priority tax claims against debtor following confirmation of Chapter 11 plan, where in asserting claims IRS was acting in its sovereign capacity to enforce public right or protect public interest); *Air-Sea Brokers, Inc. v. U.S.*, 66 C.C.P.A. 64, 596 F.2d 1008 (Cust & Pat. App. 1979) ("The rule in tax cases, clearly another area where the United States is acting in its sovereign capacity, is that '[t]he doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law.'"); *Auto. Club of Michigan v. Comm'r*, 353 U.S. 180, 183, 77 S.Ct. 707, 709, 1 L.Ed.2d 746 (1957)); *Liberty Mut. Ins. Co. v. Johnson Shipyards*, 6 F.2d 752, 755 (2d Cir. 1925) ("Taxes are due to [the government] in its sovereign capacity.").

Based on these facts and the precedent, *United States v. King* does not provide an issue of substantial ground for a difference of opinion concerning the Government's immunity to state statutes of limitations in the collection of taxes under the Internal Revenue Code.

Finally, in light of the decisions of the Supreme Court, the circuit courts, and the district courts concluding that state statutes of limitations do not bind the Government where the right is obtained through a federal statute, I find that the issue is not a particularly difficult one and it is not one of first impression. *See United States v.*

*Summerlin*, 310 U.S. 414, 416 (1940); *see also, Bd of Comm'rs. of Jackson Cnty. v. United States* 308 U.S. 343 (1939); *Auto. Club of Michigan v. Comm'r*, 353 U.S. 180, 183, 77 S.Ct. 707, 709, 1 L.Ed.2d 746 (1957); *United States v. John Hancock Mut. Life Ins. Co.*, 364 U.S. 301 (1960); *Liberty Mut. Ins. Co. v. Johnson Shipyards*, 6 F.2d 752, 755 (2d Cir. 1925); *Matter of Fein*, 22 F.3d 631 (5th Cir. 1994); *Air-Sea Brokers, Inc. v. U.S.*, 66 C.C.P.A. 64, 596 F.2d 1008 (Cust & Pat. App. 1979); *Bresson v. CIR*, 213 F.3d 1173 (9th Cir. 2000); *United States v. King*, 301 F.3d 1270 (10th Cir. 2002).

Holmes has failed to show that there are any grounds for a difference of opinion that the United States is not subject to states' statutes of limitations when it undertakes to collect taxes.

    C.    <u>Immediate Appeal to Materially Advance Ultimate Termination of Litigation</u>

An interlocutory appeal may "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *Goldberg v. UBS AG*, 690 F. Supp. 2d 92, 101 (E.D.N.Y. 2010) (citing *In re World Trade Cent. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007)). "[O]nly 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Goldberg*, 690 F. Supp. 2d at 101 (quoting *Aspen Ford, Inc. v. Ford Motor Co.*, 2008 WL 163695 (E.D.N.Y. Jan. 15, 2008)).

Exceptional circumstances do not exist to justify interlocutory appeal, here. In this instance, I find that immediate appeal is likely to postpone litigation, increase fees, and delay justice. Proceeding to trial, without the interruption of an interlocutory appeal,

will serve to establish a complete factual record from which findings and conclusions of law can be drawn. In the event that this case is appealed after entry of final judgment, the Tenth Circuit will have access to a full record on which to review the case. I find that immediate appeal will not materially advance the termination of the litigation.

According, because Holmes fails to meet two of the three elements of 28 U.S.C. § 1292(b), I order that:

Holmes's Motion for Certification (ECF No. 43) is DENIED.

DATED at Denver, Colorado on October 25, 2010

BY THE COURT:

Walker D. Miller
United States Senior District Judge