IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02446-PAB-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES F. HOLMES,

    Defendant.

## **ORDER**

    This matter is before the Court on the Motion for Indicative Ruling Pursuant to Fed.R.Civ.P. 62.1 [Docket No. 99] filed by plaintiff United States of America ("United States"). Although judgment has been entered and both sides have appealed, the Court has jurisdiction to consider this motion pursuant to Federal Rule of Civil Procedure 62.1.

**I. DISCUSSION**

    The United States argues that it is entitled to relief from judgment under Federal Rule of Civil Procedure 60(b)(1) or 60(b)(6) because, in its renewed motion for entry of judgment [Docket No. 78], it failed to alert the Court to the fact that its revised calculations showed that defendant's total tax liabilities did not exceed the total amount of distributions at the time the case was filed. Docket No. 99 at 5. The United States asserts that, had the Court been aware of the significance of its revised calculations, it would have awarded the entire amount of defendant's tax liability, i.e. $3,349,148.43

instead of $2,533,930.94. *Id*. at 6.

### A. Rule 62.1(a)(3)

Although the filing of a timely appeal divests the district court of jurisdiction over a matter, including the power to grant relief from judgment, Rule 62.1(a)(3) provides a way for the district court to alert the appellate court that it would grant or consider a motion if the case were remanded for that purpose. FED. R. CIV. P. 62.1 advisory committee notes. The district court may only decide the underlying motion if the appellate court remands the case for that purpose. FED. R. CIV. P. 62.1(c). Regarding the choice between granting a motion or stating that it contains a substantial issue, the Advisory Committee states that "[o]ften it will be wise for the district court to determine whether it in fact would grant the motion," but that "a motion may present complex issues that require extensive litigation and that may either be mooted or be presented in a different context by decision of the issues raised on appeal." FED. R. CIV. P. 62.1 advisory committee notes. It further explains that the district court "is not bound to grant the motion after stating that the motion raises a substantial issue." *Id*.

### B. Rule 60(b)(1)

Federal Rule of Civil Procedure 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on the basis of "mistake, inadvertence, surprise, or excusable neglect." The rule "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715

F.2d 1442, 1444 (10th Cir. 1983). A motion pursuant to Rule 60(b)(1) must be filed "within a reasonable time . . . no more than a year after the entry of judgment." FED. R. CIV. P. 60(c).

The United States argues that it is entitled to relief under Rule 60(b)(1) because "the submission of [incorrect] facts to the Court by the United States in its early submissions, and its failure to explain the significance of the correct facts when they were submitted prior to the entry of final judgment, may be construed to constitute a mistake, inadvertence and/or excusable neglect that would justify relief."[1] Docket No. 99 at 6. The United States attributes its error to the complexity of the calculations and the confusion of coordinating with the IRS, stating:

> The United States' submission and reliance on the initial calculations of the IRS was made in good faith. The United States was provided with detailed calculations to support this higher number, and counsel for the United States had no reason to question these calculations. However, . . . these calculation[s] are complex and require significant expertise to perform. . . . Counsel for the United States did not discover the significance of the new calculations until after the Court had entered final judgment. Before action could be taken to notify the Court of this discovery, Holmes filed a notice of appeal in this case.

Docket No. 99 at 6-7.

A party is entitled to relief from judgment under Rule 60(b)(1) where "a party has

---

[1] The United States also argues that it is entitled to relief on the ground that "the judgment is based on a substantive mistake of fact by the Court." Docket No. 99 at 6. Relief from judgment is appropriate under Rule 60(b)(1) "where the judge has made a substantive mistake of law or fact in the final judgment or order." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). However, the Tenth Circuit has held that a Rule 60(b)(1) motion based on a court's substantive error must be filed within the time to appeal. *Id*. at 578. As the United States did not file its Rule 60(b)(1) motion within the time to appeal, it may no longer avail itself of the argument that the Court erred.

3

made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).  Relief on the basis of mistake is not appropriate where "the mistake was the result of a deliberate and counseled decision by the party" or where a party "simply misunderstands the legal consequences of his deliberate acts." *Id*. at 577.  Nor does Rule 60(b)(1) "allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Id*.  Instead, a party may use the rule to obtain relief from "litigation mistakes that a party could not have protected against, such as the party's counsel acting without authority of the party to that party's detriment." *Id*.

Defendant argues that the United States is not entitled to relief on the basis of mistake because it is seeking to "advance[] new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner*, 98 F.3d at 577.  It is undisputed that the United States was in possession of the relevant figures at the time it filed its renewed motion for entry of judgment and could have advanced this argument at that time.  The United States' error is thus not a "mistake" within the meaning of Rule 60(b)(1).

The standard for excusable neglect is somewhat more forgiving.  Excusable neglect is an "elastic concept" that is "not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).  Rather, "for purposes of Rule 60(b),

'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence" in addition to "simple, faultless omissions to act, and . . . omissions caused by carelessness."  *Id*. at 388, 394.

"The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Pioneer*, 507 U.S. at 395).  Courts must pay particular attention to "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith," as well as "whether the moving party's underlying claim is meritorious."  *Id*. at 856-57 (internal citations and quotation marks omitted).  A court may also consider whether the incident represents an isolated occurrence or is instead part of a larger pattern of delay.  *Id*. at 857.

The first equitable factor, risk of prejudice, weighs somewhat in favor of the United States.  Defendant has already filed an appeal and identifies no prejudice from the delay that briefing a Rule 60(b) motion would entail.

The second factor, delay, also weighs somewhat in favor of the United States since reopening the case, while causing further delay and expense to both parties and the courts, would not significantly increase the delay in the proceedings.

Third, the reason for the delay weighs against the United States, as it has not explained the gap of nearly four months between the entry of final judgment [Docket No. 86] on April 11, 2012 and its filing of the motion for an indicative ruling [Docket No. 99] on August 1, 2012.  *See id*.  The United States claims only that "[b]efore action

5

could be taken to notify the Court of this discovery, Holmes filed a notice of appeal in this case." Docket No. 99 at 7. Holmes filed his notice of appeal on April 24, 2012. Docket No. 87. Thus, although the United States recognized its error before April 24, it did not file this motion until August 1, 2012. Docket No. 99. As the court noted in *Baldauf v. Hyatt*, No. 01-cv-01315-REB-CBS, 2008 WL 961572, at *2 (D. Colo. Apr. 8, 2008), involving an unexplained six-week period before filing, "[s]uch protracted delay is not the stuff of excusable neglect."

The fourth factor, control over the error, poses the most significant hurdle. *See Jennings*, 394 F.3d at 856. Although the Court has no doubt that calculating defendant's tax liability was a complex undertaking, the United States offers no explanation for why counsel did not realize when filing the renewed motion for entry of judgment that defendant's liability did not exceed distributions when the case was filed. The relevant factual and legal information was within the United States' possession at the time it filed its motion for renewed entry of judgment and the decision to request an award of $2,533,930.94 was solely within its control.

For the reasons above, the United States' error does not warrant relief under Rule 60(b)(1).

### C. Rule 60(b)(6)

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (quoting *Cashner*, 98 F.3d at 576). Rule 60(b)(6) does not permit a party to reargue an issue by rehashing facts and arguments already addressed or available, yet neglected, in the

original proceeding. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Courts rarely grant Rule 60(b)(6) motions, deferring instead to the need for finality and the appeals process. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1248 (10th Cir. 2007) ("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.").

For the same reasons that the United States has failed to demonstrate mistake, inadvertence, or excusable neglect, it is not entitled to relief under Rule 60(b)(6). Granting such relief would permit it to rehash facts and arguments that were available, yet neglected, in the original proceeding. *See Servants of the Paraclete*, 204 F.3d at 1012. The United States has not cited, nor has the Court found, a case granting Rule 60(b)(6) relief, on the basis of attorney or client neglect, from a decision reached on the merits.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the United States' Motion for Indicative Ruling Pursuant to Fed.R.Civ.P. 62.1 is DENIED.

DATED February 25, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge